Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

JULIO PAREDES, ANGEL ARMIJOS, LUIS GARCIA
VASQUEZ, CARLOS CUJI, GUILLERMO GUTIERREZ
ESCAMILA, and WILSON GALLEGOS, on behalf of
themselves, and all others similarly situated,

                              Plaintiffs,

             -against-

SISTINA RESTAURANT INC., and GIUSEPPE BRUNO,
as an individual,

                             Defendants.

-----------------------------------------------------------------------X

**CLASS/COLLECTIVE
ACTION COMPLAINT**

**JURY TRIAL
DEMANDED**

Plaintiffs JULIO PAREDES, ANGEL ARMIJOS, LUIS GARCIA VASQUEZ, CARLOS
CUJI, GUILLERMO GUTIERREZ ESCAMILA, and WILSON GALLEGOS, on behalf of
themselves, and all others similarly situated, by their attorneys, Helen F. Dalton & Associates,
P.C., allege upon personal knowledge as to themselves and upon information and belief as to all
other matters, as and for their Complaint, as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs JULIO PAREDES, ANGEL ARMIJOS, LUIS GARCIA VASQUEZ,
CARLOS CUJI, GUILLERMO GUTIERREZ ESCAMILA, and WILSON GALLEGOS, on
behalf of themselves, and all others similarly situated (hereinafter, the "Plaintiffs"), by
and through their undersigned counsel, bring this action against Defendants SISTINA
RESTAURANT INC. (hereinafter, "SISTINA RESTAURANT"), and GUISEPPE BRUNO, as
an individual, (collectively hereinafter, the "Defendants") to recover damages for the Defendants'
egregious violations of state and federal wage and hour laws arising out of the Plaintiffs'

employment by Defendants at SISTINA RESTAURANT located at 24 East 81st Street, New York, New York 10028.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred within this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

7. Plaintiff JULIO PAREDES residing at 32-51 92nd Street, East Elmhurst, New York, was employed by the Defendants to work at SISTINA RESTAURANT from in or around July 1988 to in or around August 2020.

8. Plaintiff ANGEL ARMIJOS residing at 3709 94th Street, Jackson Heights, New York, was employed by the Defendants to work at SISTINA RESTAURANT from in or around October 2018 to from in or around December 2019.

9. Plaintiff LUIS GARCIA VASQUEZ residing at 3230 48th Street, Astoria, New York, was employed by the Defendants to work at SISTINA RESTAURANT from in or around August 2016 to in or around October 2019.

10. Plaintiff CARLOS CUJI residing at 765 Beck Street, Bronx, New York, was employed by the Defendants to work at SISTINA RESTAURANT from in or around May 2018 to in or around January 2020.

11. Plaintiff GUILLERMO GUTIERREZ ESCAMILA residing at 406 48th Street, Brooklyn, New York, was employed by the Defendants to work at SISTINA RESTAURANT from in or around November 2016 to in or around November 2019.

12. Plaintiff WILSON GALLEGOS residing at 1853 White Plains Road, Bronx, New York, was employed by the Defendants to work at SISTINA RESTAURANT from in or around September 2016 to in or around March 2020.

13. Defendant SISTINA RESTAURANT INC. is a New York domestic business corporation organized under and existing by virtue of the laws of the State of New York with a registered principal office located at 1555 2nd Avenue, New York, NY 10028.

14. Defendant SISTINA RESTAURANT INC. is a corporation authorized to conduct and transact business under the laws of the State of New York.

15. Defendant GIUSEPPE BRUNO (also known as "Gerardo Bruno") was and is the owner of the Defendant SISTINA RESTAURANT.

16. Defendant GIUSEPPE BRUNO is the chief executive officer of Defendant SISTINA RESTAURANT.

17. Defendant GIUSEPPE BRUNO is the President of Defendant SISTINA RESTAURANT.

18. Defendant GIUSEPPE BRUNO owns and operates the Defendant SISTINA RESTAURANT.

19. Defendant GIUSEPPE BRUNO is an agent of Defendant SISTINA RESTAURANT.

20. Defendant GIUSEPPE BRUNO has power over personnel decisions at Defendant SISTINA RESTAURANT.

21. Defendant GIUSEPPE BRUNO has power over payroll decisions at Defendant SISTINA RESTAURANT.

22. Defendant GIUSEPPE BRUNO has power to hire and fire employees at SISTINA RESTAURANT, establish and pay their wages, set their work schedule, and maintains their employment records.

23. During all relevant times mentioned herein, Defendant GIUSEPPE BRUNO was Plaintiffs' employer within the meaning of the FLSA and NYLL.

24. On information and belief, Defendant SISTINA RESTAURANT is, at present, and has been at all times relevant to the allegation in the complaint, an enterprise engaged in

interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person; and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

25. Under the FLSA and NYLL, Plaintiffs' federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. The date of filing of this Complaint is January 26, 2021.  As such, the relevant statutory period encompasses the period of January 26, 2015 through January 26, 2021 (the "relevant statutory period.").

### JULIO PAREDES

26. Plaintiff JULIO PAREDES was employed by Defendants:

      i.  from in or around July 1988 in or around March 2020, and

      ii.  from in or around June 2020 to in or around August 2020.

27. Throughout Plaintiff JULIO PAREDES' employment by the Defendants, Plaintiff's primary duties consisted of performing kitchen staff work, waitering, performing deliveries, and performing other related miscellaneous duties for Defendants from in or around July 1988 to in or around August 2020.

28. During the relevant statutory period, Plaintiff JULIO PAREDES was paid by the Defendants:

      i.  in 2015, approximately $5.00 per hour;
      ii.  in 2016, approximately $7.50 per hour;
      iii.  in 2017, approximately $7.50 per hour;
      iv.  in 2018, approximately $8.65 per hour;
      v.  in 2019, approximately $10.00 per hour; and
      vi.  in 2020, approximately $10.00 per hour.

29. Throughout Plaintiff JULIO PAREDES' employment by Defendants, Plaintiff JULIO PAREDES performed approximately fifty (50) hours or more hours of work per week for the Defendants.

30. Although Plaintiff JULIO PAREDES worked approximately fifty (50) hours or more hours per week during his employment by Defendants, Defendants did not pay Plaintiff at a rate

of time and a half (1.5) for all of Plaintiff JULIO PAREDES' hours worked over forty (40), a blatant violation of the overtime provisions contained within the FLSA and NYLL.

31. Moreover, Defendants failed to pay Plaintiff JULIO PAREDES the legally prescribed minimum wage for all hours worked, in a blatant violation of the minimum wage provisions contained within the FLSA and NYLL, and its regulations.

## ANGEL ARMIJOS

32. Plaintiff ANGEL ARMIJOS was employed by Defendants from in or around October 2018 to in or around December 2019.

33. Throughout Plaintiff ANGEL ARMIJOS' employment by Defendants, Plaintiff's primary duties were as a busboy, cleaning plates and performing all other miscellaneous duties for Defendants from in or around October 2018 to in or around December 2019.

34. Throughout Plaintiff ANGEL ARMIJOS' employment by Defendants, Plaintiff ANGEL ARMIJOS was paid by Defendants approximately $8.65 per hour in 2018; and approximately $10.00 per hour in 2019.

35. Plaintiff ANGEL ARMIJOS worked for Defendants approximately fifty-four (54) hours per week from in or around October 2018 to in or around December 2019.

36. Although Plaintiff ANGEL ARMIJOS worked for Defendants approximately fifty-four (54) hours per week from in or around October 2018 to in or around December 2019, Defendants did not pay Plaintiff at a rate of time and a half (1.5) for hours worked over forty (40) in a workweek, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

37. Moreover, Defendants failed to pay Plaintiff ANGEL ARMIJOS the legally prescribed minimum wage for all hours worked, in a blatant violation of the minimum wage provisions contained within the FLSA and NYLL, and its regulations.

## LUIS GARCIA VASQUEZ

38. Plaintiff LUIS GARCIA VASQUEZ was employed by Defendants:

      i.  from in or around August 2016 to in or around March 2020, and

     ii.  from in or around June 2020 to in or around August 2020.

39. Throughout Plaintiff LUIS GARCIA VASQUEZ' employment by Defendants, Plaintiff's primary duties were as a busboy, cleaning plates and performing all other miscellaneous duties for the Defendants.

40. Throughout Plaintiff LUIS GARCIA VASQUEZ' employment by Defendants, Plaintiff LUIS GARCIA VASQUEZ was paid by Defendants:

        i.   in 2016, approximately $7.00 per hour;

       ii.   in 2017, approximately $7.50 per hour;

     iii.   in 2018, approximately $8.65 per hour;

     iv.   in 2019, approximately $10.00 per hour;

      v.   in 2020, approximately $10.00 per hour.

41. Plaintiff LUIS GARCIA VASQUEZ worked approximately fifty (50) hours or more hours per week throughout his employment by Defendants.

42. Although Plaintiff LUIS GARCIA VASQUEZ worked approximately fifty (50) or more hours per week for the Defendants, the Defendants did not pay Plaintiff LUIS GARCIA VASQUEZ at a rate of time and a half (1.5) for all hours Plaintiff LUIS GARCIA VASQUEZ worked over forty (40) in a workweek, a blatant violation of the overtime provisions contained within the FLSA and NYLL.

43. Moreover, the Defendants failed to pay Plaintiff LUIS GARCIA VASQUEZ the legally prescribed minimum wage for all hours worked, in a blatant violation of the minimum wage provisions contained within the FLSA and NYLL, and its regulations.

44. Furthermore, Plaintiff LUIS GARCIA VASQUEZ was not compensated at all by the Defendants for at least two (2) days of employment during which Plaintiff LUIS GARCIA VASQUEZ performed work for the Defendants.

## CARLOS CUJI

45. Plaintiff CARLOS CUJI was employed by Defendants from in or around May 2018 to in or around January 2020.

46. During Plaintiff CARLOS CUJI's employment by Defendants, Plaintiff's primary duties were as a busboy, cleaning, preparing food, and performing all other miscellaneous duties for the Defendants.

47. Plaintiff CARLOS CUJI was paid by Defendants:

      i.  in 2018, approximately $8.65 per hour;

     ii.  in 2019, approximately $10.00 per hour;

    iii.  in 2020, approximately $10.00 per hour.

48. Plaintiff CARLOS CUJI worked approximately sixty (60) hours or more hours per week from in or around May 2018 to in or around January 2020.

49. Although Plaintiff CARLOS CUJI worked approximately sixty (60) hours or more per week throughout his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

50. Moreover, Defendants failed to pay Plaintiff, CARLOS CUJI, the legally prescribed minimum wage for his hours worked from in or around January 2018 until in or around March 2020, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

51. Furthermore, although Plaintiff CARLOS CUJI worked work for the Defendants approximately ten (10) hours or more hours per day from in or around March 2015 until in or around March 2020, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL, and 12 N.Y.C.R.R. § 146-1.6.

## GUILLERMO GUTIERREZ ESCAMILA

52. Plaintiff GUILLERMO GUTIERREZ ESCAMILA was employed by Defendants from in or around October 2015 to in or around March 2020.

53. During Plaintiff GUILLERMO GUTIERREZ ESCAMILA's employment by Defendants, Plaintiff's primary duties were cooking, cleaning, dishwashing, and performing other miscellaneous duties from in or around October 2015 to in or around March 2020.

54. Plaintiff GUILLERMO GUTIERREZ ESCAMILA was paid by Defendants:

      i.  from in or around October 2015 to in or around December 2017, approximately $8.75 per hour;

     ii.  in 2018, approximately $9.75 per hour;

    iii.  in 2019, approximately $10.50 per hour; and

    iv.  in 2020, approximately $10.50 per hour.

55. Throughout Plaintiff GUILLERMO GUTIERREZ ESCAMILA's employment by Defendants, Plaintiff GUILLERMO GUTIERREZ ESCAMILA worked approximately fifty (50) hours or more hours per week.

56. Although Plaintiff GUILLERMO GUTIERREZ ESCAMILA worked approximately fifty (50) hours or more per week during his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

57. Moreover, the Defendants failed to pay Plaintiff GUILLERMO GUTIERREZ ESCAMILA the legally prescribed minimum wage for all hours worked, in a blatant violation of the minimum wage provisions contained within the FLSA and NYLL, and its regulations.

## WILSON GALLEGOS

58. Plaintiff WILSON GALLEGOS was employed by Defendants from in or around November 2016 until in or around November 2019.

59. During Plaintiff WILSON GALLEGOS' employment by Defendants, Plaintiff's primary duties were cooking, cleaning, dishwashing, and performing other miscellaneous duties for Defendants from in or around November 2016 until in or around November 2019.

60. Plaintiff WILSON GALLEGOS was paid by Defendants:

       i.   in 2016, approximately $7.00 per hour;

      ii.   in 2017, approximately $7.50 per hour;

    iii.   in 2018, approximately $8.65 per hour; and

    iv.   in 2019, approximately $10.00 per hour;

61. Throughout Plaintiff WILSON GALLEGOS' employment by Defendants, Plaintiff worked approximately fifty-four (54) hours per week.

62. Although Plaintiff WILSON GALLEGOS worked approximately fifty-four (54) hours per week during his employment by Defendants, Defendants did not pay Plaintiff WILSON GALLEGOS at a rate of time and a half (1.5) for all hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

63. Defendants failed to pay Plaintiff WILSON GALLEGOS the legally prescribed minimum wage for all Plaintiffs' hours worked, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

## DEFENDANTS' NEW YORK LABOR LAW VIOLATIONS COMMON TO ALL PLAINTIFFS

64. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

65. Defendants willfully failed to keep accurate payroll records as required by both NYLL and the FLSA, and the regulations, specifically, 12 N.Y.C.R.R. § 146-2.1 *et. seq.*

66. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1); 12 N.Y.C.R.R. § 146-2.2 *et. seq.*

67. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages as required by NYLL §195(3); 12 N.Y.C.R.R. § 146-2.3 *et. seq.*

68. Furthermore, upon each payment of wage(s) to Plaintiffs, the Defendants willfully made unlawful deductions from each of the Plaintiffs' wages – including but not limited to, in the sum of approximately $21.75 or $38.00 per week for, upon information and belief, "lunch" or "break" – in violation of the NYLL and 12 N.Y.C.R.R. § 146 *et. seq.*

## COLLECTIVE ACTION ALLEGATIONS

69. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

70. Collective Class: All persons who are or have been employed by the Defendants as cook, cleaner, dishwasher, food preparer, stocker, and cashier or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation and minimum wage compensation.

71. Upon information and belief, Defendants employed at least fifty (50) employees within the relevant time period who were subjected to similar payment structures.

72. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

73. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to perform work without appropriate minimum wage compensation.

74. Defendants' unlawful conduct has been widespread, repeated, and consistent.

75. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

76. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

77. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

78. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

79. The claims of Plaintiff are typical of the claims of the putative class.

80. Plaintiffs and counsel will fairly and adequately protect interests of the putative class.

81. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## **FEDERAL RULE OF CIVIL PROCEDURE RULE 23 CLASS ALLEGATIONS**

82. Plaintiffs sue on their own behalf and as the class representatives (hereinafter referred to as the "New York Class Representative") and bring this Action on their own behalf and as a class action, on behalf of those similarly situated, pursuant to Fed. R. Civ. P. 23(a) and (b). The Fed. R. Civ. P. 23 Class is defined as:

All cooks, cleaners, dishwashers, food preparers, and cashiers who are currently or have been employed by the Defendants and who worked greater than 40 hours per week (hereinafter

referred to as the "New York Class") without receiving time and a half for hours over 40 each week at any time during the 6 years prior to the filing of their respective consent forms (hereinafter referred to as the "New York Class Period").

83. The persons in the New York Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are between 50 to 75 members of the New York Class during the New York Class Period.

84. There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

a. Whether the New York Class Representative and New York Class are nonexempt from entitlement to overtime compensation for hours worked under the pay requirement of the NYLL;

b. Whether Defendants unlawfully failed to pay Plaintiffs and the Collective Class appropriate minimum wage compensation in violation of the NYLL;

c. Whether Defendants unlawfully failed to pay overtime compensation in violation of and within the meaning of the NYLL;

c. Whether Defendants failed to keep accurate and complete time records for all hours worked by the New York Class Representative and the New York Class;

d. Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

e. The proper measure of damages sustained by the New York Class Representative and the New York Class; and

f. Whether Defendants should be enjoined from engaging in such violations in the future.

85. The New York Class Representative will fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class. Plaintiffs are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

86. A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The damages sustained by individual class members are modest compared to the

expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

87. Further, the New York Class Representative and the New York Class have been equally affected by Defendants' failure to pay overtime wages and proper minimum wages. Moreover, members of the New York Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

88. Defendants have acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class was a whole.

89. Plaintiff's claims are typical of those of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the non-payment of overtime wages and the failure to keep adequate records. The job duties of Plaintiffs are typical of those of the class members.

90. The New York Class Representative intends to send notice to all members of the New York Class to the extent required by Rule 23.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

91. Plaintiffs re-alleges and incorporates by reference all allegations in all preceding paragraphs.

92. Plaintiffs have consented in writing to being a party to this action, pursuant to 29 U.S.C. §216(b).

93. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

94. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of U.S.C. §§206(a) and 207(a).

95. Defendants willfully failed to pay Plaintiffs' overtime wages for all hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled per 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

96. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of Plaintiffs.

97. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

98. Plaintiffs re-alleges and incorporates by reference all allegations in all preceding paragraphs.

99. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

100.    Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

101.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

102.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

103.    Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

104.    Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

105.    Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of

liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

106.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

107.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

108.    Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

109.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with NY Labor Law §198 (1-a).

## FIFTH CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

110.    Plaintiffs re-alleges and incorporates by reference all allegations in all preceding paragraphs.

111.    Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

112.    At all times relevant to this action, Plaintiffs were engaged in commerce or the production of services and goods for commerce within meanings of 29 U.S.C. §§206(a); 207(a).

113.    At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

114.    Defendants willfully failed to pay Plaintiffs a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.

115.    Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

116.    Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiffs' compensation.

117.    Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SIXTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

118.    Plaintiffs re-alleges and incorporates by reference all allegations in all preceding paragraphs.

119.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

120.    At all times relevant to this action, Defendants were employers within the meaning of NYLL.

121.    Defendants failed to record, credit or compensate Plaintiffs the applicable minimum hourly wage, in violation of New York Minimum Wage Act, specifically NYLL §652.

122.    Defendants also failed to pay Plaintiffs the required minimum wage, which Plaintiffs were entitled under NYLL §652, in violation of 12 N. Y. C. R. R. § 146-1.2 *et. seq.*

123.    Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## SEVENTH CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

124.    Plaintiffs re-alleges and incorporates by reference all allegations in all preceding paragraphs.

125.    Defendants willfully violated Plaintiffs' rights by failing to pay an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 *et seq.*; 12 N.Y.C. R. R. § 146-1.6 *et. seq.*

126.    Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## EIGHTH CAUSE OF ACTION
### Unlawful Deductions from Wages under the New York Labor Law

127.    Plaintiffs re-alleges and incorporate by reference all allegations in all preceding paragraphs.

128.    Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

129.    Throughout the course of Plaintiffs' employment with Defendants, Defendants made unlawful deductions to the wages of the Plaintiffs without their written consent in violation of NYLL §193, and 12 N.Y.C.R.R. § 146-2.7 *et. seq.*

130.    Defendants' unlawful deductions from the wages of the Plaintiffs were not made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency, were not for the benefit of the Plaintiffs, were not for insurance premiums, pension or health and welfare benefits, contributions to charitable organizations, payments for United States bonds, payments for dues or assessments to a labor organization, or similar payments for the benefit of the Plaintiffs.

131.    Plaintiffs' compensation from Defendants constitute wages within the meaning of the term "wages" in the NYLL §§190 et seq.

132.    The named Plaintiffs are employees within the meaning of the term "employee" in the NYLL §§190 et seq.

133.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, the amount of their unlawful deductions and an amount equal to their unlawful deductions in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## NINTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

134.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

135.    Defendants failed to provide Plaintiffs with an annual written notice in English and in Spanish (Plaintiffs' primary language) of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

136.    Defendants are liable to Plaintiffs in the amount of $5,000.00, each, together with costs and attorneys' fees.

## TENTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

137.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

138.    Defendants failed to provide Plaintiffs with accurate wage statements upon each payment of wages, as required by NYLL §195(3).

139.    Defendants are liable to Plaintiffs in the amount of $5,000.00, each, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that judgment be granted:

   a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

   b. Awarding Plaintiffs' unpaid overtime wages;

   c. Awarding Plaintiffs' unpaid minimum wages;

   d. Awarding Plaintiffs' unpaid spread of hour compensation;

   e. Awarding Plaintiffs' unpaid wages;

   f. Awarding Plaintiffs' reimbursement for unlawful deductions;

   g. Awarding Plaintiffs' liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

   h. Awarding Plaintiffs prejudgment and post-judgment interest;

   i. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

   j. Awarding such and further relief as this court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby make demand for a trial by jury on all questions of fact raised by the complaint.

Dated: This 26th day of January 2021.

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, P.C.
*Attorneys for Plaintiffs*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIO PAREDES, ANGEL ARMIJOS, LUIS GARCIA
VASQUEZ, CARLOS CUJI, GUILLERMO GUTIERREZ
ESCAMILA, and WILSON GALLEGOS, on behalf of
themselves, and all others similarly situated,

                               Plaintiffs,

          -against-

SISTINA RESTAURANT INC., and GIUSEPPE BRUNO,
as an individual,

                               Defendants.

## SUMMONS & COLLECTIVE ACTION COMPLAINT

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for Plaintiffs*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

| **SISTINA RESTAURANT INC.** | **GIUSEPPE BRUNO** |
|---|---|
| 24 East 81st Street<br>New York, New York 10028 | 24 East 81st Street<br>New York, New York 10028 |
| 1555 2nd Avenue<br>New York, New York, 10028 | 1555 2nd Avenue<br>New York, New York, 10028 |