

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

---

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415

Tel. (718) 263-9591 Fax. (718) 263-9598

August 2, 2021

**Via ECF**
The Honorable District Judge John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    **Paredes, et al. v. Sistina Restaurant Inc., et al.**
                **Civil Case No.: 1:21-CV-708 (JPC)**

Dear Judge Cronan:

      Our office represents Plaintiffs Julio Paredes, Angel Armijos, Luis Garcia Vasquez, Guillermo Gutierrez Escamilia, and Wilson Gallegos, (collectively, "the Plaintiffs") and we submit this motion jointly with counsel for Sistina Restaurant Inc. ("La Sistina") and Giuseppe Bruno (collectively, "the Defendants"), requesting the Court's approval of the parties' settlement agreement ("Settlement Agreement"). The Settlement Agreement, attached hereto as **Exhibit 1**, was achieved through the parties' Court-annexed mediation held on June 2, 2021 with the assistance of The Honorable Judge Henry B. Pitman (Ret.).

      The parties submit this motion in support of their position that the Settlement Agreement is fair and reasonable and does not raise any of the concerns cited in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms as well as Plaintiffs' counsel's requested attorneys' fees and respectfully request that the Court So Order or approve the Settlement Agreement.

**I.**    <u>**The Monetary Terms of the Settlement Agreement are Fair and Reasonable**</u>

    **a. The Settlement Amount**

      The parties agreed to resolve all claims asserted in this action, including Plaintiffs' counsel's attorneys' fees (which are addressed below), for the amount of $90,000.00 to be paid in full on or before September 30, 2021.

b. **Plaintiffs' Position**

Plaintiffs are five former employees of La Sistina who brought this action against Defendants alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). In general, Plaintiffs alleged that, as former non-exempt employees of Defendants' restaurant, that they were paid hourly rates that fell below the applicable minimum wage rates pursuant to the NYLL and that they were not compensated at time-and-a-half the applicable minimum wage rates when they worked in excess of 40 hours per week.

Plaintiffs were formerly employed by Defendants as cooks, cleaners, dishwashers, food preparers, waiters, servers and other related positions at Defendants' restaurant, La Sistina, located at 24 East 81st Street, New York, New York 10028.

Each Plaintiff's length of employment varied within the relevant statutory period. Paredes alleged that he was employed for approximately five-and-a-half years within the relevant statutory period. Armijos alleged that he was employed for approximately one year and two months. Vasquez alleged that he was employed for approximately four years within the relevant statutory period. Escamilia alleged that he was employed for approximately four-and-a-half years within the relevant statutory period. Lastly, Gallegos alleged that he was employed for approximately three years by the Defendants.

However, despite working for varying lengths of time, all Plaintiffs alleged that they subject to the same improper pay practice by which they were a paid a regular hourly rate which fell below the applicable minimum wage rate and that they were paid time-and-a-half that regularly hourly rate for their overtime hours when, in fact, they should have been paid time-and-a-half the applicable minimum wage rate for their overtime work. Plaintiffs' position is that Defendants were not entitled to take a tip credit toward its minimum wage obligations to the Plaintiffs pursuant to Section 3(m) of the FLSA and, as such, Plaintiffs should have been at or above the applicable minimum wage for each regular hour worked and time-and-a-half the applicable minimum wage for each overtime hour worked.

In general, Plaintiffs alleged that they were regularly required to work fifty (50) to fifty-four (54) hours per week and, as such, each Plaintiff alleged that they were owed the difference between the applicable minimum wage and their hourly rate paid for their first forty hours and the difference between time-and-a-half the applicable minimum wage and time-and-a-half their hourly rate paid for approximately ten (10) to fourteen (14) hours per week of employment.

Defendants provided hundreds of pages of time and pay records for all Plaintiffs prior to the mediation. Our office carefully reviewed these records and calculated what we believed was the unpaid minimum wages and overtime wages reflected in the records. Based on this review, we calculated that the records showed approximately $126,000.00 in unpaid minimum wages and overtime wages. However, this figure assumed Plaintiffs would be 100% successful in not only establishing all of their claims as to the dates of their employment and hours worked each week but also that the cash tip amounts listed on Plaintiffs' paystubs were inaccurate (and were far greater than the amount of tips Plaintiffs actually received) and that Defendants were never entitled to take a tip credit for a single week of Plaintiffs' employment. If a finder of fact were to accept the tip amounts listed on Plaintiffs' paystubs to be accurate and Defendants were entitled to take a tip credit, then Plaintiffs may not have recovered anything at the time of trial. Plaintiffs' claims

hinged on a jury finding that Defendants were not entitled to take a tip credit and this was a major point of contention during the parties' mediation.

Based on the above, Plaintiffs recognized the unlikelihood of being 100% successful on all of their wage claims and also recognized that Defendants maintained time and pay records and had witness testimony that could potential undermine their claims. Plaintiffs recognized the factual disputes as to the dates of each Plaintiff's employment and each Plaintiff's alleged number of hours worked each week and the amount of tips that they received each week. That these factual disputes would not be resolved until the time of trial, at an uncertain date in the distant future, favored agreeing to resolve their claims at mediation.

Moreover, although Plaintiffs were confident that they could succeed on all of their claims at trial, Plaintiffs recognized the risks of continuing litigation and collecting on a judgment should this matter have proceeded to trial. Plaintiffs conducted a thorough asset search and had the opportunity to question Defendants about their financial status at the mediation. Plaintiffs were concerned that should they have continued litigation through trial and obtained a larger judgment against Defendants that they may not have been able to recover more than the present settlement amount. The settlement allows Plaintiffs to be paid in full within a couple of months and guarantees a significant sum of money to be paid in the near future as opposed to the uncertainty of obtaining a judgment at a much later date.

c. **Defendants' Position**

Defendants deny all of Plaintiffs' allegations in their entirety and produced records to support their position. Specifically, Defendants notified all Plaintiffs that the restaurant was taking a tip credit against the minimum wage and paid Plaintiffs at the lawful tip credit rate. Further, Plaintiffs' pay records plainly demonstrate that when Plaintiffs worked over 40 hours in a week, they were paid time and a half at the correct rate of pay for all such overtime hours. Defendants carefully tracked Plaintiffs' hours worked by requiring all Plaintiffs to scan in and out of a timekeeping system by using their fingerprints. Notwithstanding the flaws in Plaintiffs' case, Defendants understand that there is value in not having to expend significant additional resources litigating this matter and have therefore agreed to this settlement solely in an effort to save the costs and fees associated with in litigating this case to its conclusion.

d. **The Settlement Amount is Fair and Reasonable**

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id.* (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id.* (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter for $90,000.00. The parties believe that this amount is reasonable considering Plaintiffs' claims and the defenses and documents maintained by Defendants in this matter and the fact that the terms of the Settlement Agreement were achieved following the assistance of an experienced wage-and-hour neutral and retired SDNY Magistrate Judge appointed by the Court. In fact, the final settlement number of $90,000.00 that the parties ultimately accepted to resolve this matter was The Hon. Judge Pitman's proposed recommendation to the parties at the June 16, 2021 mediation after approximately seven hours of back-and-forth negotiations. Moreover, the settlement amount falls squarely within the possible range of recovery by Plaintiffs when accounting for Defendants' records production and the risks of continued litigation. The parties had genuine, bona fide disputes over the number of hours worked by Plaintiff, the wages paid to Plaintiffs, the amount of tips received by Plaintiffs and the dates of Plaintiffs' employment, but both sides made compromises on their positions in order to achieve a fair and reasonable settlement.

## II. The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 3 of the Settlement Agreement ("Release") is narrowly-tailored to claims under the FLSA and NYLL and other wage-related claims. The Release does not raise any concerns regarding unequal bargaining power between Plaintiffs and Defendants and the Release is not overbroad such that there is a concern that Plaintiffs are releasing any and all possible claims against Defendants, including claims unrelated to the claims asserted in this action.

Furthermore, the Settlement Agreement does not contain any non-disparagement or confidentiality provision that would otherwise preclude Plaintiffs from openly discussing their experiences litigating this matter as rejected by *Cheeks*.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are also fair and reasonable and comport with the standards articulated in *Cheeks*.

## III. Requested Attorneys' Fees and Expenses and Distribution to Plaintiffs

### a. Distribution to the Plaintiffs

The parties agreed to a global settlement of $90,000.00 to resolve all claims asserted in this action. If the Agreement is approved by the Court, Plaintiffs will recover an aggregate amount of $59,562.00, after requested attorneys' fees. Each Plaintiff will receive an amount proportional to his calculation of damages, which accounts for the alleged dates of his employment, the alleged

hours that he worked, and the alleged pay that he received. The records also take into account Plaintiffs' counsel's analysis of Defendants' production of time and pay records. The individual amounts to be received by each Plaintiff are included in Paragraph 1 of the Settlement Agreement.

The proposed allocation of the settlement proceeds is as follows:

| | |
|---|---|
| Julio Paredes: | $20,000.00 |
| Angel Armijos: | $6,562.00 |
| Luis Garcia Vasquez: | $9,000.00 |
| Guillermo Gutierrez Escamila: | $12,500.00 |
| Wilson Gallegos: | $11,500.00 |
| **TOTAL** | **$59,562.00** |

### b. Requested Attorneys' Fees and Expenses

Plaintiffs' counsel respectfully requests $658.00 for identifiable expenses, which include:

- the Eastern District of New York filing fee in this matter: $402.00
- the costs of service of the Summons and Complaint on Defendants in this matter: $256.00

Plaintiffs' counsel respectfully requests one-third of the settlement less their identifiable expenses ($89,342.00), or $29,780.00 in attorneys' fees, as agreed upon in the Plaintiffs' retainer agreements with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $30,438.00.

**Settlement Amount:** $90,000.00
**Attorneys' Expenses:** $658.00
**Settlement less Expenses:** $89,342.00 ($90,000.00 - $658.00)
**Requested Attorneys' Fees:** $29,780.00 ($89,342.00 / 3)
**Total payable to Attorneys:** $30,438.00 ($29,780.00 + $658.00)
**Total payable to Plaintiffs:** $59,562.00 ($90,000.00 - $30,438.00)

Plaintiffs' attorneys and their clients have retainer agreements that are reduced to writing and are signed by the clients. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc.*, 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

When FLSA actions settle early, the Court should use the percentage method as opposed to the lodestar method, due to the lodestar's potential to disincentivize settlement. *McDaniel v. Cty. of Schenectady,* 595 F.3d 411, 417 (2d Cir. 2010) (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 121 (2d Cir. 2005)).

The Honorable Judge Alison J. Nathan highlighted this issue in *Hyun v. Ippudo USA Holdings*:

> In this case, where the parties were able to settle relatively early and before any depositions occurred, *see* Dkt. No. 117 at 9, the Court finds that the percentage method, which avoids the lodestar method's potential to "create a disincentive to early settlement," *McDaniel,* 595 F.3d at 418, is appropriate. "Fee awards representing one third of the total recovery are common in this District." *Gaspar v. Pers. Touch Moving, Inc.,* No. 13-CV-8187 (AJN), 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015). As a result, the Court finds that the requested attorneys' fees are "fair and reasonable." *Wolinsky,* 900 F. Supp. 2d at 335.
>
> [*Hyun v. Ippudo USA Holdings*, 14-CV-8706 (AJN), 2016 WL 1222347, at *3 (SDNY Mar. 24, 2016).]

Here, Plaintiffs' counsel was able to procure a substantial settlement early in the litigation process, avoiding costly attorneys' fees. The parties had yet to engage in formal paper discovery, which would have required hours of preparing interrogatory and document demand responses as well as reviewing hundreds of pages of records produced in response to Defendants' anticipated discovery demands. The parties also would have had to conduct at least six party depositions in addition to potentially dozens of non-party witnesses produced by both sides. The settlement allows both parties to avoid the time and costs associated with protracted litigation and discovery.

As such, this request for attorneys' fees is supported by the work performed by Plaintiffs' counsel throughout the litigation of this matter and the recovery secured through their efforts. Plaintiffs' counsel has zealously advocated for their clients throughout the litigation process and believe that the settlement amount secured is a product of their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiffs.

## IV. Closing

In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of careful negotiation between experienced counsel with the assistance of an experienced and qualified neutral and the terms of the Settlement Agreement comport with Second Circuit case law. As such, we respectfully request that the Court approve the Settlement Agreement.

We thank the Court for its consideration and remain available to provide any additional information.

Respectfully submitted,

*James O'Donnell*
James O'Donnell, Esq.

The Court is in receipt of the parties' settlement agreement. The Court has reviewed the proposal in light of *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170 (S.D.N.Y. 2015), and *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012), and finds that the settlement is fair.

The Court notes that the attorneys' fees were calculated using the percentage method and represent approximately one third of the total settlement amount. While the Court finds those fees to be reasonable, the Court does not make any finding as to the reasonableness of counsel's hourly rate or as to the reasonableness of any particular hours billed for work on this case.

Accordingly, the settlement is approved, the case is dismissed with prejudice, and, pursuant to the parties' joint request, the Court retains jurisdiction over the settlement for purposes of enforcement. The Clerk of Court is respectfully directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.
Date: August 23, 2021
     New York, New York

_____
JOHN P. CRONAN
United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JULIO PAREDES, ANGEL ARMIJOS, LUIS GARCIA VASQUEZ, GUILLERMO GUITIERREZ ESCAMILA, and WILSON GALLEGOS, on behalf of themselves and others similarly situated,

Case No. 21-cv-00708 (JPC)

Plaintiffs,

-against-

SISTINA RESTAURANT INC., and GIUSEPPE BRUNO,

Defendants.

## NEGOTIATED SETTLEMENT AGREEMENT AND RELEASE ("Agreement")

WHEREAS Sistina Restaurant Inc. and Giuseppe Bruno (collectively, "Defendants"), on the one hand, and Plaintiffs Julio Paredes, Angel Armijos, Luis Garcia Vasquez, Guillermo Gutierrez Escamila, and Wilson Gallegos (collectively, "Plaintiffs"), on the other hand (Plaintiffs together with Defendants, the "Parties"), agree to the material terms of this Settlement Agreement and Release ("Agreement") in an effort to resolve all wage and hour claims Plaintiffs have or might have against Defendants, including claims asserted under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") in the pending action: *Paredes, et al. v. Sistina Restaurant Inc.., et al.*, No. 21-cv-0708 (the "lawsuit");

**WHEREAS**, the Parties understand and agree that the Defendants deny each and every allegation of wrongdoing set forth by Plaintiffs in the lawsuit;

**WHEREAS**, the Parties understand and agree that neither the making of this Agreement nor anything contained herein shall in any way be construed or considered to be an admission by the Defendants of guilt or non-compliance with any federal, state, city or local statute, constitution, rule, ordinance, public policy, wage-hour law, wage-payment law, tort law, contract law, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever;

**WHEREAS**, Plaintiffs desire with full advice of counsel, to freely and voluntarily enter into this Agreement in exchange for the promises contained herein which pertain to the Defendants;

1

**WHEREAS**, the terms, conditions, and implications of this Agreement, including the Release incorporated herein, have been explained to Plaintiffs by their attorneys;

**WHEREAS**, the Parties reached this Agreement with the assistance of the Honorable Henry Pitman, who served as a mediator in the Parties' settlement efforts;

**NOW THEREFORE**, with the intent to be legally bound hereby, and in consideration of the mutual covenants and promises herein contained and for other good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

1. **Consideration.** In consideration for Plaintiffs signing this Negotiated Settlement Agreement & General Release ("Agreement") and complying with its terms, Defendants agree to provide Plaintiffs with the total settlement sum of Ninety Thousand Dollars and Zero Cents ($90,000.00) ("Settlement Sum"), payable in full on or before the later of: (i) within 30 days following the Court's approval of the Parties' settlement; or (ii) September 30, 2021. Notwithstanding the foregoing, in the event that approval of the settlement is obtained prior to September 30, 2021, within fourteen (14) days of approval, Defendants shall pay Forty-Five Thousand Dollars ($45,000.00) into escrow to be held until the payment deadline. On the payment deadline, the amount in escrow shall be released to Plaintiffs and the outstanding additional $45,000 shall be paid to Plaintiffs. Payment shall be allocated as follows:

   i. One check payable to "Julio Paredes" in the amount of Twenty Thousand Dollars and Zero Cents ($20,000.00), which shall be reportable on an IRS Form 1099;

   ii. One check payable to "Angel Armijos" in the amount of Six Thousand Five Hundred Sixty-Two Dollars and Zero Cents ($6,562.00), which shall be reportable on an IRS Form 1099;

   iii. One check payable to "Luis Garcia Vasquez" in the amount of Nine Thousand Dollars and Zero Cents ($9,000.00), which shall be reportable on an IRS Form 1099;

   iv. One check payable to "Guillermo Gutierrez Escamila" in the amount of Twelve Thousand Five Hundred Dollars and Zero Cents ($12,500.00), which shall be reportable on an IRS Form 1099;

   v. One check payable to "Wilson Gallegos" in the amount of Eleven Thousand Five Hundred Dollars and Zero Cents ($11,500.00), which shall be reportable on an IRS Form 1099; and

   vi. One check payable to "Helen F. Dalton & Associates, P.C." in the amount of Thirty Thousand Four Hundred Thirty-Eight Dollars and Zero Cents

($30,438.00), as payment for attorneys' fees, costs and disbursements, which shall be reportable on IRS Form 1099.

b. All aforementioned payments of the Settlement Sum shall be delivered to "Helen F. Dalton & Associates, P.C, as Attorneys for Plaintiffs, 80-02 Kew Gardens Rd #601, Kew Gardens, NY 11415 by the above-indicated payment deadlines, provided that by such time, each of the following conditions has occurred: (i) Defendants receive a copy of the Agreement executed by Plaintiffs; (ii) Defendants receive completed IRS Form W-9 from Plaintiffs, as well as a completed Form W-9 from Helen F. Dalton & Associates, P.C. However, in the event that one or more Plaintiffs do not provide their completed IRS Form W-9 prior to Court approval of the Settlement Agreement, it shall not delay the other payments due in accordance with this Agreement. For any Plaintiff who provides completed IRS Form W-9 subsequent to the payment due date, his payments shall be released to him within 7 days of providing completed IRS Form W-9.

c. Plaintiffs agree and acknowledge that Defendants and their counsel have not made any representations to them regarding the tax consequences of any payments or amounts received by them pursuant to this Agreement. Plaintiffs agree to indemnify Defendants against the payment of any taxes, interest, penalties, and other liabilities or costs that may be assessed upon the settlement payments. However, if the IRS determines that any monies paid to Plaintiffs should have been paid pursuant to a W-2, Sistina Restaurant Corp. will pay its share of any FICA payment that would have been due and owing.

d. The Parties agree to cooperate to obtain judicial approval of this settlement. The Parties agree that the case shall remain open until thirty (30) days after the payment deadline, or until payment is made in full, at which time the Stipulation of Dismissal, attached hereto as Exhibit A, dismissing the lawsuit with prejudice, shall be filed. The parties respectfully request that this Court, the United States District Court, Southern District of New York, retains jurisdiction to enforce the terms of this Agreement and shall retain jurisdiction until payment is made in full.

2. **No Consideration Absent Execution of this Agreement.** Plaintiffs understand and agree that they would not receive the monies specified in paragraph "1" above, except for Plaintiffs' execution of this Agreement and the fulfillment of the promises contained herein.

3. **Release of Wage and Hour Claims.** Plaintiffs knowingly and voluntarily release and forever discharge, to the full extent permitted by law, the Defendants, as well as Sistina Restaurant Inc.'s current and former owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, insurers, reinsurers, parents, subsidiaries, affiliates, benefit plans, plan fiduciaries, and/or administrators, and all persons acting by, through, under or in concert with any of them ("Releasees"), from any and all wage and hour claims, including, but not limited to, claims under the FLSA and NYLL, that the Plaintiffs have or may have against Releasees as of the date of Plaintiffs' execution of this Agreement, whether known or unknown, asserted or unasserted, including for attorneys' fees and costs in connection with any asserted or unasserted wage and hour claim.

4. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. If any provision of this Agreement is declared illegal or unenforceable by any court, excluding the general release language, that provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

5. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants of wrongdoing or evidence of any liability or unlawful conduct of any kind.

6. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by both parties wherein specific reference is made to this Agreement.

7. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto and fully supersedes any prior agreements or understandings between the Parties. Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made to them in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

8. **Counterparts.** This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement.

9. **Facsimile and Electronic Signatures.** Any Party may execute this Agreement by signing or electronically signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other Party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile or email.

**PLAINTIFFS ARE HEREBY ADVISED THAT THEY HAVE A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT.**

**PLAINTIFFS FREELY AND KNOWLINGLY, AND AFTER DUE CONSIDERATION AND REVIEW BY THEIR ATTORNEYS, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS PURSUANT TO PARAGRAPH 3 THAT PLAINTIFFS HAVE OR MIGHT HAVE AGAINST RELEASEES.**

4

The parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

JULIO PAREDES

Dated: 7/20, 2021

_____
Julio Paredes

ANGEL ARMIJOS

Dated: 7/20, 2021

_____
Angel Armijos

LUIS GARCIA VASQUEZ

Dated: 7/20, 2021

_____
Luis Garcia Vasquez

GUILLERMO GUTIERREZ ESCAMILA

Dated: 7/20, 2021

_____
Guillermo Gutierrez Escamila

WILSON GALLEGOS

Dated: 7-20, 2021

_____
Wilson Gallegos

SISTINA RESTAURANT CORP.

Dated:_____, 2021

By: _____

GIUSEPPE BRUNO

Dated:_____, 2021

By: _____

5

The parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

JULIO PAREDES

Dated:_____, 2021                     _____
                                            Julio Paredes

                                            ANGEL ARMIJOS

Dated:_____, 2021                     _____
                                            Angel Armijos

                                            LUIS GARCIA VASQUEZ

Dated:_____, 2021                     _____
                                            Luis Garcia Vasquez

                                            GUILLERMO GUTIERREZ ESCAMILA

Dated:_____, 2021                     _____
                                            Guillermo Gutierrez Escamila

                                            WILSON GALLEGOS

Dated:_____, 2021                     _____
                                            Wilson Gallegos

                                            SISTINA RESTAURANT CORP.

Dated:_____, 2021                     By:_____

                                            GIUSEPPE BRUNO

Dated: 7-30 , 2021                          By:_____

5

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIO PAREDES, ANGEL ARMIJOS, LUIS GARCIA VASQUEZ, GUILLERMO GUITIERREZ ESCAMILA, and WILSON GALLEGOS, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>SISTINA RESTAURANT INC., and GIUSEPPE BRUNO,<br><br>Defendants. | **Case No. 21-cv-00708 (JPC)** |

## STIPULATION AND ORDER OF FINAL DISMISSAL WITH PREJUDICE

1. This Court, having considered and inspected the Settlement Agreement and Wage and Hour Release between the Parties in the above-captioned action, IT IS HEREBY ORDERED that: (1) the settlement is approved; and (2) the above-captioned action is hereby dismissed with prejudice in its entirety against Defendants with no award of attorneys' fees or costs to any party except as provided in the Settlement Agreement.

Respectfully submitted,

By: _____
Adam S. Gross, Esq.
JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, New York 10017
*ATTORNEYS FOR DEFENDANTS*

By: _____
James O'Donnell, Esq.
HELEN F. DALTON &
ASSOCIATES, P.C.
80-02 Kew Gardens Rd #601,
Kew Gardens, NY 11415
*ATTORNEYS FOR PLAINTIFS*

SO ORDERED on this _____ day of _____, 2021.

_____
Hon. John P. Cronan, U.S.D.J.

7